J-S03027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MOON STARCLOUD | : | |
| | : | |
| Appellant | : | No. 1125 MDA 2023 |

Appeal from the PCRA Order Entered July 19, 2023
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000004-1974

BEFORE: OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MAY 14, 2024**

Appellant Moon Starcloud[1] appeals *pro se* from the order denying his serial petition filed pursuant to the Post Conviction Relief Act[2] (PCRA), 42 Pa.C.S. §§ 9541-46. We affirm.

A prior panel of this Court briefly summarized the history of this matter as follows:

On February 26, 1975, a jury convicted Appellant of two counts of first-degree murder and criminal conspiracy in connection with the April 15, 1974 strangulation deaths of his mother and half-sister. He was sentenced on August 5, 1975, to two consecutive terms

---

[1] Appellant is also known as Keith Mason Knight. ***See Commonwealth v. Starcloud***, 238 MDA 2022, 2022 WL 2825471 at *1 (Pa. Super. filed Jul. 20, 2022) (unpublished mem.); ***Commonwealth v. Knight***, 358 MDA 2013, 2013 WL 11255515 at *1 (Pa. Super. filed Aug. 30, 2013).

[2] The record reflects that Appellant has filed at least four prior unsuccessful petitions for collateral relief pursuant to the PCRA, and its predecessor, the Post Conviction Hearing Act (PCHA). The June 15, 2023 petition underlying the instant appeal appears to be Appellant's fifth petition for collateral relief.

of life imprisonment without the possibility of parole for his murder convictions, and two concurrent life sentences for his conspiracy convictions. On October 20, 1976, our Supreme Court affirmed his judgment of sentence. **See Commonwealth v. Knight**, 364 A.2d 902 (Pa. 1976).

**Starcloud**, 2022 WL 2825471, at *1.

On June 15, 2023, Appellant filed the instant *pro se* PCRA petition. Therein, Appellant referred to a decision from the Massachusetts Supreme Court, which held that individuals between the ages of eighteen and twenty years of age lack mental maturity and that a sentence of life without parole for offenders between the ages of eighteen and twenty years of age was cruel and unusual punishment. **See** PCRA Petition, 6/15/23, at 3-4, (exhibit 1) (citing **Commonwealth v. Mattis**, 224 N.E.3d 410 (Mass. 2024)).

On June 27, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Appellant filed a response in which he acknowledged that he was eighteen years of age at the time of the crime, referred to the Massachusetts Supreme Court decision in **Mattis**, and asserted that his sentence of life without parole constituted cruel and unusual punishment. **See** Response to Rule 907 Notice, 7/17/23, at 6-8. On July 19, 2023, the PCRA court dismissed Appellant's PCRA petition.

Appellant filed a timely notice of appeal. Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

1. Does mandatory life imprisonment for 18, 19 and 20-year-olds constitute cruel and unusual punishment?

2. Did state legislatures create a heinous tree whos' roots were doused with poisonous fear and rash decisions?

a) What constitutes maturity?

b) Keith Mason Knight

c) Does Pennsylvania recognize that 18, 19 and 20-year-olds are not mature in all ways?

3. Is there expert evidence to support psychological damage?

a) other psychological trauma

4. Are 18, 19 and 20-year-olds more susceptible to judicial malfeasance?

Appellant's Brief at xi (some formatting altered).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. . . . [W]e apply a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Sandusky***, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered). We may affirm the PCRA court on any valid grounds. ***See Commonwealth v. Wiley***, 966 A.2d 1153, 1157 (Pa. Super. 2009) (stating this Court "may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm" (citation omitted and formatting altered)).

The timeliness of a PCRA petition is a threshold jurisdictional question. ***See Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014); ***see***

- 3 -

*also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation and emphasis omitted)).  "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted).  A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review.  *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been

presented. *See* 42 Pa.C.S. § 9545(b)(2).[3] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

To establish the newly-discovered fact exception to the PCRA time bar, a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). Due diligence requires that the petitioner take reasonable steps to protect his own interests. *Id.* A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. *Id.* Further, the newly-discovered fact exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered evidence claim. *Commonwealth v. Small*, 238 A.3d 1267, 1286 (Pa. 2020).

Here, as noted above, the Pennsylvania Supreme Court affirmed Appellant's judgment of sentence on October, 20 1976. *See Knight*, 364 A.2d at 912. Appellant's judgment of sentence became final on January 18, 1977, ninety days after our Supreme Court affirmed Appellant's judgment of

_____

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

sentence and the time for filing a petition for writ of *certiorari* with the Supreme Court of the United States. *See* 42 Pa.C.S. § 9545 (b)(3); former U.S. Sup. Ct. R. 22.[4] Therefore, Appellant had until January 18, 1978, to file a timely petition for collateral relief,[5] and Appellant's instant PCRA petition, filed on June 15, 2023, is patently untimely.

Because Appellant's PCRA petition is facially untimely, Appellant was required to plead and prove that one of the timeliness exceptions outlined in 42 Pa.C.S. § 9545(b)(1) applies. *See Jones*, 54 A.3d at 16; *Albrecht*, 994 A.2d at 1094. As noted above, Appellant refers to the Massachusetts Supreme Court decision in *Mattis*. *See* Appellant's Brief at 1-17. However, aside from

---

[4] Former U.S. Supreme Court Rule 22, was effective from July 1, 1970, through June 30, 1980. *See* former U.S.Sup.Ct.R. 20 (effective June 30, 1980; amended August 1, 1984, at U.S.Sup.Ct.R. 20.1) (providing sixty days to file petition for writ of certiorari). The Rule was later amended to once again allow ninety days to file a petition for writ of certiorari. *See* current U.S.Sup.Ct.R. 13.

[5] We are cognizant of the "grace proviso" set forth in the 1995 amendments to the PCRA. *See* 42 Pa.C.S. § 9545(b)(1) (providing that when a petitioner's judgment of sentence became final on or before the January 16, 1996, effective date of the amendment, a special grace proviso permitted a first PCRA petition to be filed by January 16, 1997). However, as a prior panel of this court stated in addressing one of Appellant's previous PCRA petitions:

> Appellant does not benefit from a grace proviso provided for petitioners whose judgments of sentence became final prior to the effective date of § 9545. The proviso only applies to first PCRA petitions that are filed by January 16, 1997. *See Commonwealth v. Alcorn*, 703 A.2d 1054 (Pa. Super. 1997), *appeal denied*, 555 Pa. 711, 724 A.2d 348 (1998).

*Commonwealth v. Knight*, 1540 MDA 2004 at *3 n.2 (Pa. Super. filed Feb. 9, 2005) (unpublished mem.).

- 6 -

checking the box on a pre-printed PCRA form concerning the newly-discovered fact exception to the PCRA time bar,[6] Appellant fails to develop an argument that he has satisfied an exception to the PCRA time bar. Accordingly, Appellant has waived any argument concerning an exception to the PCRA time bar. *See Commonwealth v. Taylor*, 277 A.3d 577, 591 (Pa. Super. 2022) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review that claim is waived.").[7]

On this record, we conclude Appellant's June 15, 2023 PCRA petition was patently untimely, and no exceptions apply. Therefore, the PCRA court had no jurisdiction to address the merits of Appellant's PCRA petition. *See Ballance*, 203 A.3d at 1031. Accordingly, we affirm the order dismissing Appellant's serial PCRA petition.

Order affirmed. Jurisdiction relinquished.

_____

[6] *See* PCRA Pet., 6/15/23, at 3.

[7] In any event, even if Appellant had properly argued that the Massachusetts Supreme Court decision in *Mattis* was his "newly-discovered fact," we would conclude that no relief is due. *Mattis* is a non-binding judicial determination from another state. *See Commonwealth v. Lukach*, 163 A.3d 1003, 1009 (Pa. Super. 2017) (the Superior Court of Pennsylvania is not bound by the decisions of other states' courts and the federal courts, except for the Supreme Court of the United States). Moreover, concerning the jurisdictional question of the timing of the PCRA petition, the Pennsylvania Supreme Court has unequivocally stated that "subsequent decisional law does not amount to a new fact under Section 9545(b)(1)(ii) of the PCRA." *Commonwealth v. Reid*, 235 A.3d 1124, 1135 (Pa. 2020) (formatting altered and citation omitted).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/14/2024